ISAAC KAISER, ASSIGNEE, *v.* J. L. HARRIS.

1. TAXES. *Lien for under § 536, Code 1880. Sale on void assessment.*
   Section 536 of the Code of 1880 provides that the purchaser of land at a sale for taxes shall have a lien on the land for the money paid out in his purchase and for taxes subsequently accruing, "if the taxes for which such land was sold were due, although said sale was illegal on some other ground." Such a purchaser cannot be denied the benefit of this provision because the sale was based upon an invalid assessment, on the theory that taxes could not "be due" on such assessment.

2. SAME. *Sale in 1878, purchase in 1879. Lien under Codes of 1871 and 1880.*
   But § 536 of the Code of 1880 cannot be applied in a case where the land was

sold and purchased prior to its enactment.  And § 1718 of the Code of 1871 (which contained a provision similar to that of § 536, Code of 1880) cannot be invoked in favor of one who purchased in 1879 land sold for taxes in 1878, its provisions having been incorporated in the Revenue Act of 1876, and repealed by the Revenue Act of 1877.

APPEAL from the Chancery Court of Wilkinson County.

HON. LAUCH MCLAURIN, Chancellor.

This bill in equity was filed on the 20th of September, 1883, by Isaac Kaiser, assignee of Samuel Kaiser, against J. L. Harris, to fix a lien on certain lands for money paid by Samuel Kaiser in purchasing the lands, which had been forfeited to the State for taxes, and for two years' taxes paid subsequent to his purchase.

The assessment of the lands in question in 1875 was valid. The assessment in 1876, which was a special assessment, was invalid.  On the 4th of March, 1878, the lands were sold to the State for the delinquent taxes of 1877.  The sale seems to have been based upon the assessment made in 1876.  On the 19th of April, 1879, Samuel Kaiser purchased these lands from the State by paying the taxes, costs, etc., for which the same were held, and thereafter paid the taxes thereon for the years 1879 and 1880.  In 1881 J. L. Harris bought the land at a sale under a trust-deed.  The Chancellor in the court below held that, since the assessment of 1876 was invalid, no taxes for 1877 were due, and hence complainant was not entitled to any relief under § 536, Code of 1880, which is as follows: " The amount paid by a purchaser of land at any sale thereof for taxes, and twenty-five per cent. on said amount, and interest on the sum paid at the rate of ten per cent. per annum, and all expenses of the conveyancé and registration, and all sums paid for taxes on said land after its sale and purchase as aforesaid, and ten per cent. per annum interest, shall be a lien on said land in favor of the purchaser and the holder of the legal title under him by descent or purchase, if the taxes for which such lands were sold were due, although said sale was illegal on some other ground; and the purchaser and the holder of the legal title under him by descent or purchase may

enforce said lien by bill in chancery." The complainant appealed to this court.

*D. C. Bramlett,* for the appellant.

This land was not exempt from, but was liable to, taxation, and there is no pretense that the taxes were paid before sale, and we claim a lien upon it for all the taxes, damages, and costs, with interest, paid out by the purchaser, Samuel Kaiser, which right is given us by § 1718, Code of 1871, as well as by § 536, Code 1880. In *Cogburn* v. *Hunt,* 56 Miss. 724, the court say that where the land sold for taxes was exempt, or the taxes had been paid before sale, the purchaser should receive his money back from the State or county treasury; "and by § 1718 (Code 1871) it was in effect declared that in all other cases, where from any cause he failed to receive a good title to the land sold, he should be allowed to fasten a lien, etc." And in *Cogburn* v. *Hunt,* 57 Miss. 683, in the same case and upon the same subject, this court enunciates this as the law: "If land is liable to taxation, and an attempt is made to tax it and the taxes are not paid, and it is sold for taxes and the purchaser from any cause fails to get title, § 1718 of the Code (1871) applies."

These authorities seem to me to be conclusive of the case. But if mistaken in this view, the appellant is entitled to his lien for the taxes paid out in 1879 and 1880. The lands had been listed to the State, and when purchased by Samuel Kaiser, under the law they were assessed to him and he paid the taxes. It was not an erroneous assessment of the lands, but an assessment by authority and direction of the law, for he then had a title *prima facie* valid and claimed the lands, and the assessment to him not only bound these lands, but all other property of his for the payment of the taxes, which he was bound to and did pay. See *Ingersoll* v. *Jeffords,* 55 Miss. 37.

*C. P. Neilson,* for the appellee.

There was no tax due when the land was sold to the State. It was decided in *Harris* v. *Stockett,* 58 Miss. 825, that the assessment was illegal. Upon this illegal assessment the levy was made for 1877, for which the land was sold. We submit there could be

no legal levy based on an illegal or no assessment. There could be no taxes due on the land without an assessment and levy. In this case there was neither. Counsel concludes that as this land was not exempt, therefore taxes were due on it—this is a *non-sequitur*. The land was not exempt from taxation; it was subject to taxation; but it had not been *subjected* to taxation, and hence no taxes were due.

The assessment of 1875 does not help appellant's cause—it was no longer in existence—it had been abandoned. No levy was based on it; no claim is made on it. The claim is on the levy of 1877, based on the assessment of 1876. The case of *Stoval* v. *Connor*, 58 Miss. 138, is, I think, conclusive.

Appellant bases his right to recover on § 536 of Code of 1880 and § 1718 of Code of 1871. All the transactions in this cause were prior to the Code of 1880 going into effect, and it cannot be applied—it is *ex post facto*. Section 1718, Code of 1871, is part of article 11, chapter 22. All of chapter 22 except articles 15, 19, 20, 21, and 22, is repealed by § 80, of chapter 104, Acts of 1876.

See Pamphlet Acts 1876, p. 165. The substance of § 1718 is, however, contained in § 56 of said chapter 104 (Ib., p. 157), but this is repealed by § 2 of chapter 2, Acts of 1877, p. 2. This was approved February 1, 1877. All of the matters in complainant's bill occurred subsequent to February, 1877, and prior to November, 1880. In the absence of statutory provision it will not be contended appellant could recover.

ARNOLD, J., delivered the opinion of the court.

The invalidity of the assessment under which the land was sold for taxes would not preclude appellant from recovery. *Cogburn* v. *Hunt*, 56 Miss. 718; 57 Ib. 681; *Mayer* v. *Peebles*, 58 Ib. 628.

We approve the conclusion reached in the cause, not because no taxes were due, or the assessment was void, but because there was no law on the 4th day of March, 1878, the date on which the land was sold for taxes, or on the 17th day of April, 1879, when Samuel Kaiser purchased the land from the State, which gave him a lien on the land for the amount of taxes, etc., paid by him.

63 MISS.—38

Substantially, § 1718 of the Code of 1871 was incorporated into the revenue act of 1876. Acts of 1876, § 56, pp. 157 and 158. But § 56 of this act, creating such lien, was expressly repealed by the revenue act of 1877, Acts. 1877, § 2, p. 2, and no such provision is contained in the revenue act of 1878. *Green* v. *Williams,* 58 Miss. 752.

*Affirmed.*